Please remain seated. The United States Court of Appeals for the Ninth Circuit is now in session. Public Commissioner Pete L. Shaw presiding. Good afternoon. This is United States v. Phuong Dave Vo, Ninth Circuit Doctrine No. 18-50041. This is a hearing in connection with Mr. Vo's request to represent himself on appeal. And we are conducting this conference by video from San Francisco, from the headquarters of the Ninth Circuit, by video. And Mr. Vo is appearing in the Pasadena courthouse. And here in San Francisco, I have a courtroom deputy and my clerk. And I see Mr. Vo clearly. Do we also have an appearance for the government? Yes, Commissioner Daniel Ahn, Assistant United States Attorney in the Central District of California for the United States. All right. Good afternoon, Mr. Ahn. All right, Mr. Vo. So the proceeding today is being recorded. So in the event that there's any need to have a transcript, that would be possible. I don't think that's going to be in the cards for this hearing. So Mr. Vo, I'm going to engage in a colloquy to make sure that you understand the disadvantages of self-representation on appeal. And I'm going to be asking you some questions. So I'd like to begin by having you sworn in so that your answers will be under a penalty of perjury. I'm going to ask the courtroom deputy to administer the oath right now. Please raise your right hand. Do you solemnly affirm that the statements you are about to make in this case now before this court will be the truth, the whole truth, and nothing but the truth, and this you do under the bias and penalties of perjury? I do. Please state your full name for the record. Yes, it's Fong. I'm sorry, Dave Fong Dinh Vo. Thank you. Okay. Thank you, Mr. Vo. Mr. Vo, do you have any physical or mental impairments that would affect your ability to participate fully and knowingly in the proceedings today? No, I don't. Are you under the influence of any drug or alcohol? No. Are you able to hear me and to respond freely? Yes. Good. In response to your request to represent yourself in this appeal, the court has authorized me to conduct this hearing to make sure that you understand the dangers and disadvantages of self-representation on appeal and that your request is knowing, intelligent, and unequivocal. Do you understand that? I do. You have the right to counsel. If you cannot afford to retain counsel, you are entitled to have counsel appointed to represent you at government expense. The court also has discretion to allow you to represent yourself if your request is knowing, intelligent, and unequivocal and is not intended to delay the proceedings on appeal. In determining whether the court will allow you to represent yourself, the court will first inform you of the dangers and disadvantages of self-representation on appeal. Second, inquire whether the issues on appeal are so complex that the assistance of experienced counsel would aid the court in deciding the case. Third, inquire whether granting self-representation could unduly burden the court or undermine the integrity of the outcome. Do you understand all that? I do. You also may withdraw your request to represent yourself and in that event you may retain counsel or have counsel appointed to represent you if you're financially qualified. I also... Well, the Court of Appeals doesn't, however, permit the appointment of standby or advisory counsel, so you can't represent yourself and simultaneously have counsel represent you. Do you understand that? I do. All right. So, I understand that you are a licensed attorney and that differentiates this proceeding from nearly all the other ones I do with defendants who want to represent themselves. So, let me begin by asking you just to recite your education and your job history and a little bit about your experience. I did see that some of that information is included in your submission, but why don't you just make an oral record? Okay. I got my undergrad as a BA Bachelor of Arts at the Cal State University of Fullerton. Thereafter, I attended the University of West L.A. School of Law, where I got my JD. During that time period, toward my last year of law school, I started doing externship at various law offices. After graduating from law school, I started working at some offices and law offices in L.A. While waiting to get my law license, I also started working at law offices in Orange County, one of which I worked a lot for was the law office of James C. Beckley. And then about 2008, about summer of 2008, that was when I got my law license. Pretty soon thereafter, I started opening my own office. And from there, I practiced law as a sole petitioner for the past 19 years now. And what, you said 19? That's 10, right? For 9 to 10 years, doing my own law practice. As an attorney, you were admitted to the bar in 2008, correct? Yes, that's correct. But before that, you had done years of work without legal work, but not as consistent over the past 10 years. Well, I'm actually a general petitioner, so I've done everything from immigration, civil litigation, including real estate business litigation. I've also done some criminal, but just mostly misdemeanor. I've also done bankruptcy, you know, we were in trust, family law, stuff like that. All right. Have you ever appeared in a court of appeals? I have not. All right. So Mr. Vo, why is it that you want to represent yourself when you are entitled to have an attorney represent you? The reason I would like to represent myself is because I understand the facts of this case and also understand the issues that's on appeal. I just think that because of my knowledge throughout the proceeding of the case, I would probably do a better job, just, you know, putting more effort into it. All right. Mr. An, I am curious whether the government has any position on the request for self-representation here. We have no position. All right. Okay. So, Mr. Vo, I'm inclined to recommend granting your request for self-representation. I base that in large part on my review of your notice of motion and motion for bail pending appeal. I think you have proven that you can articulate the issues that you wish to raise in a manner that's satisfactory for the court to be able to decide the case. And I also understand that you're a lawyer. So, you are familiar, even though you haven't any appellate practice, I think you are capable of representing yourself. Before I can make a recommendation to the court on that score, though, in accordance with our case law, I have to go through the process of advising you of the dangers and disadvantages of self-representation on appeal. I suspect you're aware of much of this, but I do want to make a record that you've been informed of this so that I can represent to the court that your request is knowing as well as intelligent and unequivocal. So, I'm going to go through the same kind of litany that I typically go through with those people who appear before me who are trained in the law. So, some of this may be somewhat elementary for you. And so, I just want to let you know that in advance. So, I expect you know some of this. So, first, an appeal is different from a trial. The proceedings occur mainly through written submissions, the briefs, and those briefs have to comply with specific court rules. And if you represent yourself, you will be expected to comply with those rules and your appeal could be dismissed if you fail to comply. Do you understand that? I do. On appeal, you must obtain and review the transcript of the trial proceedings and identify the potential legal errors committed at trial. The issues on appeal are limited to addressing what actually occurred at trial. And the court of appeals will not consider new evidence in a direct appeal like this one. Identifying the appropriate issues requires legal knowledge and sophisticated analytic ability. If you fail to identify a legal issue, you may be barred from raising that issue again. Do you understand that? I do. You are also required to support any assertion of error with legal authority. That means you must be able to research and understand the relevant courts that have discussed that particular area of the law. This task requires familiarity with legal research techniques and legal writing. Do you understand that? I do. There are also strategic determinations that come into play in any appeal. For example, you might identify a large number of issues but only one or two of which may have real merit. It takes judgment and experience to know how many issues you should raise. If you raise too many, you may undermine the strength of your strongest issue by hiding it among a number of weaker issues. This is one of the kind of strategic determinations that experienced appellate attorneys know how to navigate through. Do you understand that concept? I do. It often is difficult just to understand the analytic components of the issues on appeal, but even if you master that task, it's extremely difficult to convey that understanding persuasively in writing to judges who have only limited time to read and study the briefs. Appellate lawyers, including if you were financially eligible, those on our appellate panels of appointed counsel, spend years developing and perfecting skills, but if you represent yourself, you'll have to accomplish the same task without that kind of appellate expertise. Do you understand that? I do. There are also additional difficulties you may encounter, but because you're not incarcerated, which is usually the case, I'm not going to go through those kind of impediments. So long as you are not incarcerated, you'll be able to communicate with the court. If you are incarcerated, of course, that you may or may not have assistance in the facility where you're incarcerated, and your ability to communicate with the court may not be as free and convenient as a lawyer would have. Do you understand that? I do. In addition to the written submissions, the court allows oral argument, typically 10 to 20 minutes per side. In some cases, not every case, but the oral argument is an opportunity for the parties to ensure that the judges understand the arguments. It's also an opportunity for the judges to ask specific questions about the proper disposition of the appeal. Where a criminal defendant is represented by counsel, the court often allows oral argument. Where a criminal defendant represents himself or herself, the court rarely allows oral argument, but relies typically just on the written submission. So if you represent yourself, I think there is somewhat lesser chance that the court would schedule that oral argument, and that's a risk that you run in self-representation. Do you All right. So, Mr. Ahn, let me ask you, is there anything else that you could think of that you think might be helpful to add to this colloquy concerning the dangers and disadvantages of self-representation on appeal? I would add that Mr. Bill filed a motion for bail pending appeal in front of the district judge. That was denied. He had an April 20th surrender date, and so I'm not sure if there's a line of questions that might be relevant given the fact that Mr. Bill may be in custody during the time when he has to write the open brief. Okay. I think I covered that a bit, and that's a risk you would have to run. Having a brief, you have a month or so before that report date, it's conceivable you could a brief in before then, and that would at least address the issue of the opening brief, but then, of course, the government would file its answering brief, and then you would have 21 days after that to file a reply brief if you so chose. There's a chance you would be in custody. Yes, go ahead. I worry, Commissioner, that I intend to file the motion for bail to the Ninth Circuit within the decision will be, but possibly it might go past the surrender date. All right. I recall you saying somewhere in here that you were prepared to file the opening brief promptly. Am I correct? I intended to file the opening brief. I'm not sure what the deadline is now. It was initially the opening brief was due, I believe, May 5th or something on May 2nd, but because I'm representing myself, I believe that that's on hold. So I don't know what the new schedule is, but if the motion for bail does, if it gets denied in the Ninth Circuit, I intend to file the brief prior to my surrender date. All right. I have the discretion to set the due date for the opening brief at any time that I can put in the order. Mr. Aran, were you about to say something? No, I wasn't. All right. I thought all the dangers and disadvantages of self-representation on appeal. Are you still convinced that it's in your best interest to represent yourself? Yes, I do. Okay. Okay. So let's spend a moment now talking about briefing schedules. Has the record been completed? Are all transcripts prepared for the hearings? Yes, it has. All right. Have you familiarized yourself with the Federal Rules of Appellate Procedure and the Ninth Circuit rules concerning the briefing schedules and the process of briefing the case? Yes, I have. All right. So I don't think it's necessary for you to await a ruling on bail pending appeal to file your brief. I mean, you could file your brief regardless of whether you are granted bail pending appeal. Those are kind of separate inquiries that the court would make. So since you're now contemplating at least being able to file your brief before that April 20th date, it seems to me that it would be in your best interest to plan to do so. So that in the event that this court does not grant bail pending appeal, you at least have an opportunity to complete all the work and submit that opening brief, which is your most critical document that you're going to have in this case, before you have to face the possibility that you'll be incarcerated at that time. Does that make sense to you? I do. Like I say, I'm intending to work on the motion for bail for the Ninth Circuit, and I will have that filed in the next two weeks. My only thing here is I just want enough time for me to prepare the opening brief. I was going to actually contact the government about possibly setting a new surrender date after filing the motion for bail, because I think what happened is, given that I might be in limbo, you know, once the motion for bail is filed, I think I just want to talk to the Pacific government on stipulating a new surrender date. Mr. An, do you have any response to that? Well, my initial response is I think that's probably something that the government would not be inclined to stipulate to, although I'm happy to noodle it over, but that's my initial inclination. Yeah. Hold on just one more minute. My memory is that once the bail motion is filed here, then the surrender date is stayed during the bail motion's decision. Once it's decided it's available, if the surrender date was before it was decided, then it's probably reset, but I don't know exactly how long or if they have any time after that. Yeah. All right. Frankly, I was just inquiring about the question whether the filing of the bail motion would automatically stay the surrender date, and I'm not sure. I know where to find out this information, but it's not right at hand. But I do want to see if we can set a briefing schedule here at this time so I can recommend that that occur. I know that you want to get this case resolved quickly, and I'm sure the government does as well. So, Mr. Vo, do you have any proposed due date for the opening brief? Just on a note of the issue that you just asked, I believe the FRAP Rule 9, I have the rule that says there's an automatic stay when a motion for bail is filed in the 9th Circuit. Is that our local rule? Yes, it is. Okay, let me take a quick look at that because I do have that. It's 9-1.2. Okay. Are you talking about subsection E? 9-1.2E? Yes. Okay. Okay, I'm going to set the ordinary briefing schedule in this case and recommend that that occur, and then that can be adjusted, if necessary, depending upon the bail motion. All right. Any comment by the government about that? No. No, thank you. Okay. So, Mr. Vo, as I mentioned at the outset, I'm going to issue a report and recommendation recommending that the court grant your request and will cite the motions you filed with the notion that you have shown that you're able to adequately represent yourself in this appeal. Now, ordinarily, I would send that report and recommendation out to you and give you a chance to file comments or objections. In this case, however, since I'm recommending that I'm going to grant or recommend that the court grant your request, and in the interest of moving this case along promptly, I would propose that I file the report and recommendation, serve it on you, and simultaneously send it to the judges immediately without taking any additional time. Is that acceptable to you? Yes, that's fine. All right. Okay. So, we will proceed along those lines. I'll prepare a report and recommendation probably within a few days, and that will be filed on the docket, and so you'll see that. I expect that the court will adopt my recommendation, and then we'll just move forward with the appeal. Mr. Vo, do you have any questions? I do not at this time. Okay. Mr. Ahn, anything further from the government? Nothing further. Thank you. All right. Thank you very much for appearing today, and this matter is submitted pending the preparation of the report and recommendation. Thank you, Your Honor. You're welcome. Good afternoon.
judges: Appellate Commissioner Shaw